IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT HEIMAN, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) | No. 11 C 4285 |
| v. ) ) | Judge Robert W. Gettleman |
| BANK OF AMERICA, N.A, and BAC HOME ) LOANS SERVICING, LP, a wholly owned ) subsidiary of Bank of America, ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Scott Heiman, on behalf of himself and all others similarly situated, has brought a five count putative class action complaint against defendants Bank of America, N.A. and BAC Home Loans Servicing, LP (jointly as "defendant") alleging fraud or intentional misrepresentation (Count I); constructive fraud and/or negligent misrepresentation (Count II); unjust enrichment (Count III), violation of the Fair Debt Collection Practices Act ("FDCPA") (Count IV);[1] and violation of the Illinois Consumer Fraud Act (Count V). Defendant has moved to dismiss under Fed. R. Civ. P. 12(b)(6) and 9(b), for failure to state a claim upon which relief can be granted, and failure to plead fraud with particularity . For the reasons that follow, the motion is granted in part and denied in part.

## FACTS

According to the complaint, defendant offers two loan modification programs: (1) the Home Affordable Modification Program ("HAMP") which applies to mortgages serviced by

---

[1]In response to defendant's motion to dismiss, plaintiff has agreed to voluntarily dismiss Count IV.

defendant but are owned or guaranteed by Fannie Mae or Freddy Mac; and (2) defendant's own private mortgage modification program. The complaint alleges generally that defendant has engaged in a pattern or practice of routinely informing its borrowers that they must be delinquent–or intentionally become delinquent–on their mortgage loans to be considered for loan modifications under either plan. Delinquency is not a requirement under either plan, however, and once consumers follow defendant's instructions and become delinquent on their mortgage payments, defendant reports the borrowers to the credit reporting agencies as either late or in default, assesses late fees and other penalties, and routinely begins foreclosure proceedings, forcing borrowers to pay attorneys' fees and other foreclosure costs.

Plaintiff Heiman claims to have called defendant in July 2010, expressing interest in a modification of his mortgage loan on his vacation home in Nevada that was serviced by defendant. Defendant's representative told him that he was not eligible for a modification unless and until he became delinquent on his account. Following defendant's instructions, plaintiff intentionally failed to make to payments on his mortgage, and applied for a modification. While his application for a modification was pending, defendant notified plaintiff that his loan was in default and that it had commenced mortgage foreclosure proceedings against him. Defendant had also assessed additional monetary penalties against plaintiff, including attorneys' fees and court costs which were added to his mortgage balance.

## DISCUSSION

Defendant has moved to dismiss under Fed. R. Civ. P. 12(b)(6) and 9(b). A motion to dismiss for failure to state a claim tests the sufficiency of the complaint, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive such a motion, the complaint

must allege sufficient facts which, if true, would raise a right to relief above the speculative level, showing that the claim is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). To be plausible on its face the complaint must plead facts sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1939 (2009). Additionally, under Rule 9(b), allegations of fraud must be pled with particularity, which means the "who, what, when, where and how: the first paragraph of any newspaper story." DiLeo v. Ernst & Young, 901 F.2d 624, 726 (7th Cir. 1990).

As an initial matter, the parties do not agree on what law applies to plaintiff's four remaining state law claims. The Deed of Trust, which accompanies and incorporates the note on plaintiff's mortgage loan, contains a choice of law provision stating that it shall be governed by federal law and the law of the jurisdiction in which the property is located. This court follows Illinois' choice of law principles to determine which substantive law applies. See Hoover v. Franzen, 669 F.2d 433, 437 (7th Cir. 1982). Illinois courts honor a contractual choice of law clause provided that: (1) it does not contravene a fundamental policy of Illinois; and (2) the state chosen bears a reasonable relationship to the parties or the transaction." LaSalle Bank Nat'l Assoc. v. Paramont Props, 588 F. Supp.2d 840, 849 (N.D. Ill. 2008). The parties do not dispute that under this standard Nevada law applies to any contractual claim between them. Plaintiff's state law claims sound in tort, however, and plaintiff asserts that the claims are not governed by the contractual choice of law provision. In Illinois, tort claims that are dependent upon the contract are subject to a contract's choice of law provision. Amakua Development LLC v. Warner, 411 F. Supp.2d 941, 955 (N.D. Ill. 2006). To decide whether a tort claim is dependent

3

on a contract, the court examines "whether: (1) the claim alleges a wrong based on the construction and interpretation of the contract; (2) the tort claim is closely related to the parties' contractual relationship; or (3) the tort claim could not exist without the contract." Id. at 955.

In the instant case, plaintiff's tort claims could not exist without the contract. Obviously, absent the mortgage loan, there would be no request for modification and no intentional or negligent misrepresentation by defendant causing foreclosure. Indeed, the damage plaintiff claims to have incurred as a result of defendant's conduct includes late fees and attorneys' fees that are assessed pursuant to the contract. Accordingly, the court concludes that Nevada law applies to plaintiff's state law claims. Because Count V asserts a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act, it is dismissed.

Counts I and II of the complaint allege claims for fraud/intentional misrepresentation (Count I), and negligent misrepresentation (Count II). Defendant argues that plaintiff has failed to plead these claims with sufficient particularity. The court disagrees.

Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The purpose of requiring that fraud be pleaded with particularity is not to give the defendant enough information to prepare its defense. "A charge of fraud is no more opaque that any other charge. The defendant can get all the information he needs to meet it by filing a contention interrogatory. The purpose . . . of the heightened pleading requirement in fraud cases is to force the plaintiff to do more than the usual investigation before filing his complaint." Ackerman v. Northwestern Mutual Life Ins. Co., 172 F.3d 467, 469 (7th Cir. 1999). Greater pre-complaint investigation is necessary in fraud cases because public charges of fraud can harm the reputation of a business or individual, because

4

fraud is frequently charged irresponsibly by people who have suffered a loss and want to find someone to blame, and because charges of fraud frequently ask the courts to rewrite the parties' contract or otherwise disrupt established business relationships. Id. Requiring a plaintiff to plead the who, what, where, and when of the alleged fraud simply forces the plaintiff "to conduct a pre-complaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate. Id.

The instant complaint reveals that plaintiff has complied with the pre-complaint investigation. Plaintiff alleges that in July 2010 he called defendant to express interest in a loan modification. Defendant's representative told plaintiff he was not eligible for a modification unless and until he became delinquent. Plaintiff relied on and followed these instructions, became delinquent, and defendant commenced foreclosure against him. These allegations fairly outline the alleged fraud. The name of the person with whom plaintiff spoke is within defendant's exclusive knowledge and need not be pled. Id. at 471.

In addition, as the complaint alleges, similar complaints about defendant by consumers have been published across the country. Indeed, two states (Arizona and Nevada) have filed lawsuits against defendant charging similar conduct. See http://news.yahoo.com/blogs/lookout/dates-accused-bank-america-widespread-fraud-homeowners-20101221-0711-548.html. Because the allegations of the instant complaint satisfy Rule 9(b), defendant's motion to dismiss Counts I and II is denied.

Count III alleges a claim for unjust enrichment. Defendant argues that the count should be dismissed because an express agreement exists between the parties. An action "based on a theory of unjust enrichment is not available when there is an express, written contract, because

no agreement can be implied when there is an express agreement. Leasepartners Corp. v. Robert L. Brooks Trust, 113 Nev. 747, 942 P.2d 182, 187 (1997). Unjust enrichment occurs when "a person has and retains a benefit which in equity and good conscience belongs to another." Id. It applies only "to situations were there is no legal contract but where the person sought to be charged is in possession in money or property which in good conscience and justice he should not retain but should deliver to another . . .." Id.

In the instant case, it is undisputed that plaintiff has a contract with defendant that governs their relationship. Plaintiff's claims, however, while dependent on the existence of the contract, are not contract-based and do not depend on the terms of the written agreement. Plaintiff's claims are based on defendant's fraudulent misrepresentations with respect to its loan modification plans and, as such, are separate from the terms of the existing contract. Accordingly, defendant's motion to dismiss Count III is denied.

## CONCLUSION

For the reasons described above, defendant's motion to dismiss is granted by agreement as to Count IV (FDCPA), granted as to Count V (violation of the Illinois Consumer Fraud and Deceptive Business Practices Act), and denied as to Counts I through III. Defendant is ordered to answer Counts I through III on or before December 19, 2011. The parties are directed to prepare and file a joint status report using this court's form on or before December 22, 2011. A report on status is set for December 28, 2011, at 9:00 a.m.

**ENTER:** November 21, 2011

**Robert W. Gettleman**
**United States District Judge**