# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Robert W. Gettleman | **Sitting Judge if Other than Assigned Judge** | Jeffrey Gilbert |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4285 | **DATE** | 3/1/2013 |
| **CASE TITLE** | Heiman vs. Bank of America, NA et al | | |

**DOCKET ENTRY TEXT**

Motion hearing held on 3/1/13. For the reasons stated on the record, Plaintiff's Motion to Compel Discovery Responses and Production of Documents [DE#88] is granted in part, denied in part and continued in part. Status hearing and continued motion hearing set for 3/15/13 at 9:30 a.m. See Statement below for further details.

■[ For further details see statement below.]   Notices mailed by Judicial staff.

02:30

## STATEMENT

1. Plaintiff's Motion to Compel is granted with respect to Plaintiff's Supplemental Interrogatory No. 9. The Motion also is granted conditionally with respect to Interrogatory Nos. 1, 2, and 3, as more fully described in paragraph 2 below. Plaintiff's Motion is denied with respect to Interrogatory Nos. 5 -8 and 10 -12. Plaintiff's Motion was withdrawn with respect to Interrogatory Nos. 4 and 13.

2. Defendant's counsel shall investigate what information Defendant can provide to Plaintiff in answer to Interrogatories Nos. 1 – 3 consistent with the parameters discussed in court this morning. Counsel shall meet and confer with respect to those issues before the 3/15/13 status hearing and, if the parties are not in agreement concerning the information Defendant will provide in response to these Interrogatories, be prepared to present any dispute to the Court at that time.

3. Plaintiff's request that Defendant be ordered to supplement its document production with an undefined universe of emails is denied. However, the Court orders the parties to engage in a meaningful and interactive dialogue concerning, among other things: (a) the types or categories of email that Defendant may have in its possession, custody or control that may be responsive to Plaintiff's requests for production of documents and relevant to the issue of class certification in this case as discussed on the record in today's hearing, (b) the identity (by name or position) of persons employed by Defendant who are likely custodians of these emails, and (c) a process by which this electronically stored information can be produced in a relatively economical and efficient way. The Court expects this to be an interactive dialogue, with Defendant as well as Plaintiff offering concrete suggestions as to the type or category of information that may be responsive to Plaintiff's requests for production and relevant to class certification, the identity or types of custodians that might be in possession of this information, reasonable search terms and parameters for identifying responsive emails, a relevant time period, sampling procedures, etc.

## STATEMENT

Counsel should be prepared to report on 3/15/13 on the status of these discussions, which the Court understands are now just beginning, and a procedure or protocol for completing this phase of class discovery.

4. The parties reported that Defendant produced to Plaintiff yesterday evening a revised privilege log that Defendant believes meets the objections raised by Plaintiff in its Motion to Compel [DE#88] with respect to Defendant's privilege log. Putting aside why Defendant chose to produce a revised privilege log on the eve of the hearing on Plaintiff's Motion to Compel when that Motion was filed more three months ago in November 2012, the Court enters and continues that portion of Plaintiff's Motion seeking to compel Defendant to produce a proper privilege log to 3/13/15 at 9:30 a.m. The parties shall meet and confer concerning any objections that Plaintiff still has to Defendant's privilege log. Defendant shall submit to the Court *in camera* a copy of its most recent privilege log.

5. For the reasons discussed on the record, the Court revisits its ruling of 1/20/12 [DE#44] and now, *sua sponte,* stays all discovery other than discovery relating to issues relevant to class certification in this case. The Court previously denied Defendant's request to stay merits discovery but ordered the parties to prioritize class-related discovery to the extent possible. A little more than one-year later, however, the Court feels it is appropriate for the parties to focus on class discovery so that a motion for class certification can be teed-up as soon as practicable. The parties advised the Court that neither side currently has outstanding any pending discovery requests aside from the discovery that is at issue in Plaintiff's Motion to Compel [DE#88] so this stay does not affect any presently pending discovery.